# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUDGE SUTRO, and MARIN COUNTY,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:15-cv-01648-LJO-SKO<br><br>**ORDER TRANSFERRING CASE TO U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

On October 29, 2015, Plaintiff filed a complaint against Judge Sutro[1] and Marin County seeking "clemency" and invoking the Emancipation Proclamation. There are no other allegations in the complaint. However, Plaintiff has filed several cases in this division of the U.S. District Court for the Eastern District of California asserting claims against Napa State Hospital and certain agencies in Sacramento. (*See Herndon v. Napa State Hospital*, 1:15-cv-1584-DLB (PC) (E.D. Cal. 2015), transferred to the Northern District of California, Case No. 3:15-cv-04948; *Herndon v. Jovel*, No. 1:15-cv-01463-GSA (E.D. Cal. 2015), transferred to Sacramento Division,

---
[1] Judge Sutro was a judge for the Marin County Superior Court until 2010.

Case No. 2:15-cv-02065). Plaintiff is currently incarcerated at the Rio Cosumnes Correctional Center in Elk Grove, California. Based on the various cases filed, it appears that Plaintiff may be seeking to expunge certain prior records. *See Herdon v. Jovel*, 1:15-cv-1463-GSA, Doc. 1.

It appears that the defendants in this case are located outside the geographical boundaries of this district and the events related to a judicial proceeding in Marin County are also outside the geographical boundaries of this district. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, neither of the defendants reside in this district. The claim apparently arose in Marin County, which is in the Northern District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Northern District of California.

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   **November 9, 2015**                    /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE